JAMES B. LARUE, Respondent, v. FRANK CHASE, Appellant.

## No. 2085; July 21, 1870.

**Spanish Grant.—One Claiming Title Under a Spanish Grant, who** would avail himself of the proviso giving him five years after confirmation by the United States in which to bring suit, must both allege and prove the facts which bring him within the terms of the proviso.

**Adverse Possession.—To Constitute a Bar to the Recovery on** the legal title, adverse possession must be open, notorious and exclusive, and adverse not only to the plaintiff but to every person holding or claiming title.

**Trust.—Under a Deed of Trust to Secure a Note to a Third Person,** not yet due, the legal title to the land concerned is in the trustee.

**Appeal—Time for Taking.—An Appeal Taken from a Judgment** after one year from its rendition cannot be entertained.

**Appeal.—A Question Raised as to the Judgment Being Inconsistent** with the findings cannot be entertained by the supreme court except on appeal from the judgment.

APPEAL from Third Judicial District, Alameda County.

A. M. Crane for respondent; W. H. Glascock for appellant.

RHODES, C. J.—The preliminary objections of the plaintiff to the transcript, not having been taken according to rule 12 of this court, are deemed waived.

The defendants pleaded the statute of limitations, and the plaintiff replied that he claimed title under a grant made by the Spanish and Mexican government, and that the grant was finally confirmed by the government of the United States within five years before the commencement of the action. The question presented is, Upon whom is the burden of proof as to the time of the final confirmation? It was decided in Richardson v. Williamson, 24 Cal. 297, and we think correctly, that the party who claims the benefit of the proviso, giving him five years after final confirmation of his title, within which to bring his action, must both allege and prove the facts which bring him within its terms. When the statute interposes a denial to the answer, the plaintiff need not aver those facts, but he must prove them. The plaintiff failed to make

this proof; but the failure in this respect was productive of no injury to the defendants, for the court has not found the requisite adverse possession in the defendants, to put the plaintiff upon proof, either of the final confirmation or of the pendency of proceedings therefor.   To constitute a bar to the recovery on the legal title, the adverse possession must be open, notorious and exclusive, and adverse, not only to the plaintiff, but to every person holding or claiming title.

The defendants rely upon a deed of trust to defeat the recovery as to a part of the premises in controversy.   The deed was executed by the plaintiff to trustees to secure the payment of his promissory note to a third party.   The court found that before the commencement of the suit the plaintiff had conveyed the premises mentioned in the deed of trust to the trustees therein named "in trust to secure a debt which is not yet due."   This finding, if we do not mistake its meaning, leaves the legal title to those premises in the trustees.   Had there been a valid appeal from the judgment, it might be difficult for the plaintiff to meet this point.   The appeal is taken from the judgment entered on the sixteenth day of September, 1867, and from the order made on the twenty-seventh day of April, 1869, denying the defendant's motion for a new trial. The notice of appeal was filed and served May 10, 1869.   The appeal from the judgment, not having been taken within one year from its rendition, cannot be entertained.   Errors which are disclosed by the judgment-roll cannot be connected on a motion for a new trial.   The grounds relied upon on the motion for a new trial are insufficiency of the evidence to justify the findings, and errors in law occurring at the trial.   The alleged error is not embraced within either of these grounds— nor, indeed, within any of the statutory grounds for a new trial, had the defendants relied on all of them—for the evidence showing the transfer of the legal title to the trustees was admitted without objection, and the court finds such transfer as a fact.   The error consists in the rendition of the judgment for the plaintiff for all the premises, while the findings show, as the defendants claim, that the title to a part of the premises was, at the commencement of the action, in the trustees named in the deed of trust.   In other words, the defendant's position is, that the judgment is inconsistent with the findings.   This question arises upon the judgment-roll,

and cannot be entertained by this court, except on appeal from the judgment.

The defendant's objection to the recovery of land occupied or laid off for streets cannot be heard, for the reasons stated in answer to the last point. And the same disposition must be made of the question in respect to the rents and profits of the premises.

The point in respect to the time of the taking of the appeal from the judgment was not taken by the plaintiff, and would not have been noticed by the court, had it not involved a question of jurisdiction.

Appeal from the judgment dismissed, and order denying new trial affirmed.

I concur: Sprague, J.

We concur in the judgment and in the opinion, except as to the question of the effect upon the legal title of the conveyance in trust, upon which last point we express no opinion.

Wallace, J.<br>Temple, J.

Mr. Justice Crockett, being disqualified, did not participate in the decision.